By the Court.

W e agree with the judge at the trial, in his construction of the statute. It is obvious that, in the fifth mode of acquiring a settlement, the owning of an estate is the principal thing; and it is necessary that there be a title, to bring the pauper within *234 that mode of gaining a settlement; and nothing less than an estate for years will answer the requisition of the law in this particular.
The pauper, in the case before us, had an estate for four years only, and had no right to hold beyond that period; so that he cannot be considered as having an estate after the expiration of his lease.
*It is supposed, however, that a contrary doctrine was established in the case of Sudbury vs. Stow. In that case, the twelfth mode of acquiring a settlement was under the consideration of the Court, the principal ingredients of which are, the residence in any town for ten years, and the paying of all taxes duly assessed on the person’s poll or estate for any five years within the said ten years. If he have no estate, but pays a poll tax for five years, he gains a settlement under this rule, provided he resides in the town ten years. By the fifth mode, if he have an estate of the prescribed value, and is assessed for it five years in succession, he gains a settlement whether he pays the taxes or not. (a) By the twelfth mode, if he pay the taxes assessed on him, it is immaterial whether he owns the estate or not, provided he be assessed for it as his own. (b) There is, therefore, no discrepancy between the case cited and the decision in the case before us; in which judgment must be rendered according to the verdict.
Goodwin for the defendants.

 Vide Westbrook vs. Gorham,, ante, 160.

 Sudbury vs. Waltham,, 13 Mass. R&p. 460.